IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERHARD SWEETMAN, <br> Plaintiff | : CIVIL ACTION No. 11-cv-7404 <br> : <br> : |
| v. | : JURY TRIAL DEMANDED |
| BORO OF NORRISTOWN, PA <br> COUNTY OF MONTGOMERY PA. <br> STATE OF PA., LANDLORD MICHAEL SHIMON: | : |

## ORDER

AND NOW, this _____ day of _____,2013, upon consideration of Plaintiff's amended complaint and Motion for Written Objections , the Complaint is hereby ORDERED anD DECREED that the Complaintis GRANTED and that Defendant's Motion to dismiss is DENIED.

BY THE COURT:

_____

The Honorable Mitchell Goldberg

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GERHARD SWEETMAN, :

plaintiff : Civil Action No. 11-cv-7404

JURY TRIAL DEMANDED

BORO OR NORRISTOWN PA. :

COUNTY OF MONTGOMERY PA. :

STATE OF PA., LANDLORD MICHAEL SHIMON :


AMENDED COMPLAINT UNDER 42 U.S.C.ss.1983 – MOTION FOR

WRITTEN OBJECTIONS AGAINST DEFENDANT'S MOTION TO DISMISS


Plaintiff Gerhard Sweetman, pro se, hereby files this Amended

Complaint and files Written Objections against Defendant's Motion to

Dismiss and respectfully submits the following in support thereof:


      I.    OVERVIEW OF COMPLAINT

Plaintiff alleges that Code enforcement officers did violate his forth

Amendment rights by an attempted apartment invasion and attempted

entry. Plaintiff further alleges that he was subjected to terroristic threats

and that criminal charges should have been filed.

II. STANDARD OF REVIEW

A party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Plaintiff respectfully objects to the motion to dismiss for failure to state a claim upon which relief can be granted. The loss of privacy causes stress which caused plaintiff a heart attack.

III. ARGUMENT

A. The attempted entry was without a warrant.

B. The intrusion was executed without first securing a valid consent to search and/or enter premises.

C. The invasion of the property was illegal since it was not con-

ducted pursuant to a valid and lawful search warrant.

D. Therefore any intrusion by the defendants along with the heart attack he suffered was a cause of this claim which relief can be granted.

E. The forth Amendment of the United States Constitution and Article I, Sec. 8 of the PA. Consitution protects citizens fromn unreasonable searches and seizures.

F. Expectation of privacy and general prohibition against warr-

antless searches is not to be dispensed with lightly, and burden is on those seeking exemtion from warrant to show that exemption is necessary.(U.S.v.PRIMO F.SUPP.2nd 607)

G. Weighing the evidence according to the preponderance of evidence standard, the forth Amendment of the U.S. Constitution sets forth the right to be free from unreasonable searches and seizures.

H. Following a series of United States Supreme Court decisions which explore the scope and application of the forth Amendment right the Supreme Court provided that privacy rights jurisprudence of the forth Amendment (See Katz v. U.S. 88 S.CT. 507; U.S. V. CONLEY 856 F.SUPP. 1010)

1. Justice Harlan declared,"My understanding of the rule that has

emerged from prior decisions is that there is a two-fold requirement, first that a person have exhibited an actual subjective expectation of privacy and second that the expectation be one that society is prepared to recognize as reasonable (KATZ, 88 S.CT. 526).

J. Dismissal for failure to state a claim upon which relief may be granted does not require appearance beyond a doubt that plaintiff can proof no set of facts in support of claim that

would entitle him to relief, although once a claim has been

stated adequately, it may be supported by showing any set

of facts consistent with the allegations in the complaint.

(See CONLEY V. GIBSON 78 S.CT. 99)

K. Pleadings must contain sufficient factual allegations as to

state a facially plausible claim for relief. (Grahm v State

Farm Mutual Ins. 583 F3d, 187) There is no false pretenses

and defendant's have no grounds for dismissal under Fed.R.

C.P. 12(b)(1),(b)(6).



III. ARGUMENT

1. The deprivation of constitutional rights in this complaint

arose out of official policy.(SEE MONELL et.al., V DEPARTMENT

OF SOCIAL SERVICES OF NEW YOURK, 436 U.S. 658

2. The Code Enforement Officers in the instant complaint

have been the main stress factor for plaintiff's heart attack

which happended days after this attempted illegal entry into plaintiff's apartment.

3. The Kovalev Court did not deal with senior citizens heart attacks encrued from the stress caused by Code Enforecement

officers and serious heath ramifications from a stressful

situation as Enforement Officers barging at the door

and the end result being a pacemaker being lidged into plainff's heart.

4. The allegation of plaintiff for defendant's attempted entry

into his apartment has caused irreversible heath effects to the plaintiff which is a cause of action due to an unjustified attempted entry into his apartment, therefore this complaint should survive motion to dismiss and proceed to trial.

5.The attempted entry into plaintiff's apartment was unreasonable because there was no probable cause or sufficient articulable facts to reasonably warrant belief that any violations

in plaintiff's apartment should come to the level which escalated

to the point of almost kicking the door in by Code Enforement Officers which then escalated into a heart attack suffered by the plaintiff and a pace maker having to be lidged into his heart.

6. A municipal policy exists when an Exucutive of the Municipality Orders an entry into a citzen's premises for the sake of Enforement. Whether police officer owes individual duty to exercise reasonable care dependsinitially on whether officer is exercising duty owed to public at large or to an individual. In some limited instances, police officers duty to public may become a duty to individual if police have special relationship to individual that differs from that of police to general public which

may asllow police to be liable for negligent performance of their duty where otherwise liability would not exist.(SEE CALDWELL V CITY OF PHILADELPHIA, 517 A2d,1296). No governmental immunity existed to protect city from action alleging nonfeasance of police

department and Human Relations Commission in allegedly failing

to take sufficient and adequate measures to safeguard lives of citizens.(SEE MELENDEZ BE MELENDEZ V CITY OF PHILADELPHIA 466 A2d,1060; See also POLITICAL SUBDIVISION TORT CLAIMS ACT 42 PA.C.S.ss8541)

7. Thus the plaintiff does state a policy under Municipal Corporations custom and the policy is for the Code Enforement to go to plaintiff's apartment to attempt to enter his premises.

IV. CONCLUSION

WHEREFORE, for all the foregoing reasons plaintiff respectfully requests that this Honorable Court GRANT his complaint and to ORDER A JURY TRIAL as the court deems fit and proper.

RESPECTFULLY SUBMITTED:

date _26 JUNE 13_

Gerhard Sweetman, pro se

*[signature]*
267.650.6982
484.681.9216